67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Carlton CUMBER, Defendant-Appellant.
 No. 95-5024.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 22, 1995
Decided Sept. 25, 1995
 
 C. Winston Gilchrist, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Janice McKenzie Cole, United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Byron Cumber appeals from the district court's order revoking his supervised release and sentencing him to a two-year term of incarceration pursuant to 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1995). Finding no error, we affirm.
 
 
 2
 * Cumber was convicted in 1988 of three counts relating to his participation in a conspiracy to possess counterfeit United States currency. Cumber was sentenced in 1989 to serve fifty-two months imprisonment to be followed by a two-year term of supervised release. He was released from prison in 1992 and began to serve his term of supervised release. Cumber violated the conditions of his supervised release in 1993. At the revocation hearing, the Government argued that Cumber should be sentenced to serve the maximum possible term of incarceration which was the entire term of supervised release, or two years under 18 U.S.C.A. Sec. 3583(e)(4) (West Supp.1987) (current version at 18 U.S.C.A. Sec. 3583(e)(3) (West Supp.1995)). The Government pointed out that the United States Sentencing Commission, Guidelines Manual, Sec. 7B1.4 (Nov.1994) (hereinafter "Chapter VII policy statements"), which covers revocation of supervised release, called for a sentence of thirty-three to forty-one months unless contrary to the statutory minimum or maximum sentence.
 
 
 3
 The court stated that it had considered the Chapter VII policy statements and sentenced Cumber to serve two years in prison. Cumber's attorney objected to the court's reasoning, arguing that consideration of the Chapter VII policy statements violated the Ex Post Facto Clause. The district court overruled the objection and this appeal followed.
 
 II
 
 4
 Cumber contends that his sentence violated the Ex Post Facto Clause because while the Chapter VII policy statements were effective before he violated his supervised release, they were not effective on the date he committed the original offense. The Ex Post Facto Clause forbids application of laws that increase the punishment for accomplished acts. United States v. Parriett, 974 F.2d 523, 525 (4th Cir.1992). The policy statements at Chapter VII are not binding on the district court, United States v. Davis, 53 F.3d 638, 640-41 (4th Cir.1995), and hence, they are not "laws" within the meaning of the Ex Post Facto Clause. United States v. Levi, 2 F.3d 842, 845 (8th Cir.1993). Hence, Cumber has failed to establish an ex post facto violation.
 
 
 5
 We also reject Cumber's argument that the sentence was imposed in violation of the relevant sentencing statute. Upon revocation of supervised release, the district court may impose a sentence after considering the various factors enumerated at 18 U.S.C. Sec. 3553(a). 18 U.S.C.A. Sec. 3583(e) (West.Supp.1995). One factor the district court is directed to consider is "any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. Sec. 994(a)(2) that is in effect on the date the defendant is sentenced." 18 U.S.C.A. Sec. 3553(a)(5) (West Supp.1995). Cumber contends that in the context of a revocation of supervised release, the phrase "in effect on the date the defendant is sentenced" refers not to the date of the revocation sentencing, but rather to the date the defendant was originally sentenced for the underlying crime. Cumber's reliance on this language is misplaced. As we recently noted, the Chapter VII policy statements were promulgated under 28 U.S.C. Sec. 994(a)(3), not (a)(2). United States v. Davis, 53 F.3d at 641 n. 12. Hence, 18 U.S.C.A. Sec. 3553(a)(5) is inapplicable to Cumber.
 
 
 6
 As amended, however, 18 U.S.C.A. Sec. 3553(a)(4)(B) (West Supp.1995) does apply to Cumber. Section 3553(a)(4)(B) specifies that the district court, upon revocation, should consider the policy statements issued by the Sentencing Commission under 28 U.S.C. Sec. 994(a)(3). Section 3553(a)(4)(B) is silent as to whether the district court should consider the policy statements in effect when the defendant committed his original crime or those in effect upon sentencing for the revocation. In light of the fact that consideration of Chapter VII policy statements could not be an ex post facto violation, however, we hold that the district court was free to consider them as they existed on the day Cumber was sentenced for revocation of his supervised release.
 
 
 7
 We accordingly affirm the district court's order in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.
 
 AFFIRMED